## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | Mag. No. 08-7207 (ES) |
| OMAR RIVERA-FUENTES, <br>    a/k/a "Martel Ramos-Contreras," <br>    a/k/a "Martel" <br> MARIO ESTRADA-ESPINOZA, <br>    a/k/a "Carrasco Zapien," <br>    a/k/a "Max," AND <br> JOSE LUIS GRIMALDO-VALENCIA | |

    I, Michael J. Smith, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On October 23, 2008, in the District of New Jersey and elsewhere, defendants Omar Rivera-Fuentes, a/k/a "Martel Ramos-Contreras," a/k/a "Martel," Mario Estrada-Espinoza, a/k/a "Carrasco Zapien," a/k/a "Max," and Jose Luis Grimaldo-Valencia did:

    knowingly and intentionally conspire and agree with each other and with others to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

    In violation of Title 21, United States Code, Section 846. I further state that I am a Special Agent with the Drug Enforcement Administration and that this Complaint is based on the following facts:

SEE ATTACHMENT A

continued on the attached page and made a part hereof.

_____<br>
MICHAEL J. SMITH<br>
Special Agent<br>
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,
October 24, 2008, at Newark, New Jersey

_____<br>
HONORABLE ESTHER SALAS<br>
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

I, Michael J. Smith, am a Special Agent with the Drug Enforcement Administration. I have knowledge of the facts set forth below from my involvement in the investigation, a review of reports and discussions with other law enforcement personnel. Any statements attributed to individuals are described in substance and in part.

1. On or about October 23, 2008, as part of a criminal investigation, law enforcement observed defendant Mario Estrada-Espinoza (hereinafter "Espinoza"), who was driving a silver Honda Accord (hereinafter, the "Honda Accord"), New Jersey license plate number WXF10M, arrive at a Dunkin Donuts parking lot in Philadelphia, Pennsylvania and meet with defendant Jose Luis Grimaldo-Valencia (hereinafter "Valencia"), who was driving a Ford F-150 pick up truck (hereinafter the "F-150"), Washington State license plate number B50958B. Shortly thereafter, defendant Espinoza drove the Honda Accord to a Walmart/Lowes parking lot nearby and parked directly next to a white Mercury Grand Marquis (hereinafter, the "Grand Marquis"), North Carolina license plate TYB2638. Law enforcement then observed defendant Omar Rivera-Fuentes (hereinafter "Fuentes") exit the Grand Marquis, and while standing between the Grand Marquis and the Honda Accord, speak with defendant Espinoza. Shortly thereafter, the two cars departed that location together. Law enforcement later observed defendant Espinoza return to a nearby Wawa parking lot where he met up again with defendant Valencia. After a brief meeting, the two of them departed the area back towards New Jersey.

2. Later that same day, law enforcement later observed both the Honda Accord and the F-150 in the parking lot outside an apartment building at the Fox Meadow Apartment Complex in Maple Shade, New Jersey. Both cars were without occupants at that time. Shortly thereafter, law enforcement observed defendant Valencia exit the apartment building and walk to the trunk of the Honda Accord. Defendant Valencia then looked around, seemingly conducting counter-surveillance, before opening the trunk and removing a red duffle bag which appeared to be relatively heavy. Defendant Valencia then walked the duffle bag back into the apartment building.

3. Shortly thereafter, law enforcement observed defendant Valencia exit the apartment building, enter the Honda Accord, and drive to a home improvement store nearby. Law enforcement observed defendant Valencia purchase a number of rolls of duct tape, which is regularly used in the packaging of narcotics, and leave the store.

4. Later that same day, law enforcement went into the apartment building that defendant Valencia had exited and observed defendant Mario Estrada-Espinoza in an apartment. Following the receipt of a search warrant, law enforcement searched that apartment and recovered approximately 30 kilograms of cocaine, which law enforcement believes was provided by defendant Fuentes, and approximately $100,000. Law enforcement also recovered from inside the apartment the red duffle bag that defendant Valencia had carried into the apartment, a box for a money counter, and a number of empty rolls of duct tape. The duffel bag was found on the floor next to the kilograms of cocaine.

5. Later that same evening, law enforcement apprehended defendant Fuentes. On October 24, 2008, following the receipt of a search warrant which is presently being executed, law enforcement recovered approximately 36 kilograms of cocaine, over $400,000, and a roll of duct tape that was the same as the tape that was used to wrap the kilograms of cocaine recovered from defendant Espinoza's apartment. Law enforcement believes that some of the money they recovered in defendant Fuentes's residence was provided by defendant's Espinoza and Valencia.